hBARRY, Judge.
In this vehicular accident litigation, Myma and Rudolph Stevens appeal a jury verdict which attributed twenty-five percent negligence to Mr. Stevens. They claim the trial court erred by not either reconciling inconsistent answers to jury interrogatories or directing the jury to deliberate further. We assess 100% fault to defendant, amend the jury verdict and affirm as amended.

Facts

On July 9,1993 Rudolph Stevens was driving north in the right lane of Downman Road which has two lanes in each direction separated by a median. He testified that a River Parish Disposal truck was traveling north in the left lane, then made a right turn into the path of Stevens’ vehicle and entered a driveway. Stevens said the truck did not use its turn indicator. He braked and collided with the rear tandem (close-coupled pair of axles) on the passenger side of the truck. Stevens lost consciousness, broke his left clavicle and a rib.
Felix Salande, driver of the truck, testified by deposition (read to the jury) that he was in the right lane, activated the turn indicator, and turned right. | gSalande acknowledged that Stevens collided with the right rear tandem of the truck. He said the collision jarred the truck which was “almost all the way in the driveway.” Joseph Serigner was a passenger in the truck and testified that the truck was in the right lane, the turn indicator was on, and Stevens collided with the right rear tandem.
*1033 Stevens said he drank two beers shortly before the collision, but denied that his reflexes were impaired. There is no evidence of Stevens’ blood alcohol level and no evidence that his driving ability was impaired. Salande and Serigner testified they saw Stevens conceal a beer can under the seat after the accident.
Mr. and Mrs. Stevens sued River Parish Disposal, Inc. and its insurer. The jury completed its interrogatories: 1) Salande was negligent; 2) Salande’s fault was a proximate cause of Stevens’ injuries; 3) Stevens was negligent; 4) Stevens’ negligence was not a proximate cause of his injuries; 5) negligence was apportioned 75% to Salande and 25% to Stevens; 6) damages included $8,242.56 past medicals, $3,500 future medicals, $250 property damage. The jury did not award general damages.
Counsel for plaintiffs requested that the trial judge reconcile the inconsistent answers to interrogatories 4 and 5. The trial judge refused and denied Stevens’ motion for a judgment notwithstanding the verdict. The trial judge awarded $35,000 general damages, $450 future lost wages, and $500 loss of consortium.
Mr. and Mrs. Stevens argue the jury erred by finding Mr. Stevens 25% negligent; the trial court erred by not ordering the jury to reconcile the answers to interrogatories 4 and 5, by failing to disregard the 25% negligence which the jury attributed to Mr. Stevens, and by denying a JNOV. River Parish Disposal did not file an answer to the appeal.
| ¿Inconsistent Jury Interrogatories
The second assignment of error is determinative. It submits that the trial court erred by failing to either reconcile the inconsistent interrogatories, order a new trial, or return the jury for further consideration of its answers and verdict.
Under La.C.C.P. art. 1812(C) the jury must attribute a percentage of fault to a party only if that party is negligent and that negligence was a legal or proximate cause of the accident. Ferrell v. Fireman’s Fund Insurance Go., 94-1252 (La. 2/20/95), 650 So.2d 742, 747. The answers to interrogatories 4 and 5 are inconsistent because the jury found Stevens’ negligence was not a proximate cause of his injuries, yet attributed 25% fault to Stevens.
When answers to jury interrogatories are inconsistent, the court shall not direct the entry of judgment but may return the jury for further consideration or may order a new trial. La.C.C.P. art. 1813(E); Ferrell v. Fireman’s Fund Insurance Co., 650 So.2d at 747.
The Stevens argue that the trial court had the additional option under La.C.C.P. art. 1813(D) of entering judgment in accordance with the answers notwithstanding the general verdict:
When the answers [to written interrogatories] are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict, or may return the jury for further consideration of its answers and verdict, or may order a new trial.
The Stevens cite Diez v. Schwegmann Giant Supermarkets, Inc., 94-1089 (La.App. 1 Cir. 6/23/95), 657 So.2d 1066, unit den. 95-1883 (La. 11/17/95), 663 So.2d 720, which held that the jury’s apportionment of fault within a list of special interrogatories is tantamount to a general verdict and applied Art. 1813(D).
UHowever, in Ferrell v. Fireman’s Fund Insurance Co., 650 So.2d at 747 the Supreme Court applied Art. 1813(E) where the jury found the plaintiff was negligent, plaintiffs negligence was not a proximate cause of the accident, but apportioned 30% fault to the plaintiff. Ferrell is controlling.
The trial court did not return the jury for further consideration or order a new trial. That created a fatal error in the faet finding process and the manifest error standard does not apply. Ferrell, 650 So.2d at 747. Because the record is complete, this Court will make a de novo review:
Where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its *1034 own independent de novo review of the record and determine a preponderance of the evidence.... This [supreme] court determined that the trial court committed a legal error which may have interdicted the fact-finding process; therefore, we remand this ease to the Court of Appeal for it to complete this de novo review.

Id.

There is conflicting testimony as to whether the truck was in the right or left lane and whether it turned into the path of Stevens’ vehicle. However, the preponderance of uncontested testimony and evidence convinces us that the truck turned right from the left lane and entered the path of Stevens’ vehicle. The parties do not dispute that Stevens collided with the right rear tandem of the truck. Photographs of the vehicles at the scene of the accident show Stevens’ car was crushed across the front and came to rest at a slight angle in the center of the right lane. A videotape admitted into evidence shows a truck turning right from the right lane into the driveway. During the truck’s turn its right rear tandem never traverses the center of the right lane. Therefore, we conclude Stevens’ version of the accident was accurate and the truck made a turn into Stevens’ path.
IsStevens’ admission that he drank two beers prior to the accident does not per se establish negligence which contributed to the accident. Whittington v. American Oil Co., 508 So.2d 180, 187 (La.App. 4th Cir. 1987), writ den. 512 So.2d 436 (La.1987). There is no evidence of Stevens’ blood alcohol level, that his ability to drive was impaired, or that the beer caused the accident.
Therefore, we hold that Salande was at fault, Salande’s fault was the legal cause of the accident, and Stevens was not at fault. We apportion 100% of the fault to Salande.
River Parish Disposal does not contest the award which we affirm.

AMENDED; AFFIRMED AS AMENDED.